# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.                                       Case No. 04-CR-248

JEFFERSON N. CALIMLIM, and
ELINORA M. CALIMLIM, and
JEFFERSON M. CALIMLIM,

      Defendants.

---

# JURY INSTRUCTIONS

---

## JUROR ATTENTIVENESS

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

## THE FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## **JUROR OBLIGATIONS**

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias.  On the faith of those answers, the juror was accepted by the parties.  Therefore, those answers are binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

# THE GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

This case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to each of the defendants, who are charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, the government is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

## **CONDUCT OF COUNSEL**

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the bench out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not be prejudiced against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the court sustains an objection addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he or she had been permitted to answer the question.

# IMPROPER CONSIDERATIONS

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about a defendant's race, religion, national origin, sex, or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

## PRESUMPTION OF INNOCENCE - BURDEN OF PROOF

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

## <u>ATTORNEY INTERVIEWING WITNESS</u>

It is proper for an attorney to interview any witness in preparation for trial.

## WEIGHING EXPERT TESTIMONY

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

## WITNESSES REQUIRING SPECIAL CAUTION

You have heard testimony from Irma, Ceferina and Juan Martinez who received some or all of the following benefits from the government in connection this case, namely financial, housing, educational, and legal status assistance.

You may give his/her testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

## THE CHARGE - THE INDICTMENT

The superseding indictment in this case is the formal method of accusing the defendants of offenses and placing the defendants on trial. It is not evidence against the defendants and does not create any inference of guilt.

The defendants are charged with forced labor, conspiracy to obtain forced labor, attempted forced labor, harboring an alien, conspiracy to harbor an alien, and making false statements. A not guilty plea has been entered to all counts by the defendants.

The indictment reads as follows:

## COUNT ONE

THE GRAND JURY CHARGES:

1.      Beginning in 1985 and continuing through September 29, 2004, in the State and Eastern District of Wisconsin and elsewhere, the defendants,

### JEFFERSON N. CALIMLIM,
### and ELNORA M. CALIMLIM,

did knowingly and willfully combine, confederate, conspire and agree with each other and others known and unknown to the grand jury to commit offenses against the United States set forth in 18 U.S.C.§ 1589, specifically,

(a)      provide and obtain the labor and services of "I.M." by threats of serious harm to, and physical restraint against "I.M."; and

(b)      by means of a scheme, plan, and pattern intended to cause "I.M." to believe that, if she did not perform such labor and services, she would suffer serious harm and physical restraint; and

(c)      by means of the abuse and threatened abuse of law and the legal process.

### Manner and Means of the Conspiracy

2.      It was part of the conspiracy that the defendants and others known and unknown to the grand jury enticed "I.M." to come to the United States for five years,

promising her a salary, free room and board, and legal status, in exchange for caring for the defendants' children and providing other domestic services.

3.     It was part of the conspiracy that the defendants secured "I.M.'s" labor and services by continuously telling "I.M." over the 19 years that if she was seen publicly or violated their house rules she would be arrested, imprisoned, and deported because she was illegally in the United States.

4.     It was part of the conspiracy that "I.M." was not allowed to leave the defendants' house for most of the 19 years to isolate her from society and her family.

5.     It was part of the conspiracy that the defendants controlled and monitored every aspect of "I.M.'s" life functions.

6.     It was part of the conspiracy that the defendants mislead "I.M." into believing she was being paid for her labor and services when, in fact, she worked for significantly less than the prevailing wage, fifteen hours a day, seven days a week, for 19 years.

<u>Acts in Furtherance of the Conspiracy</u>

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, at least one of the defendants committed or caused to be committed at least one of the following overt acts, among others, in the Eastern District of Wisconsin, and elsewhere:

7.     In or about 1985, the defendants recruited "I.M." to come to the United States for five years to care for their children and provide domestic services and labor for them in exchange for a salary, free room and board, and a legal status that would allow her to periodically visit her family in the Phillipines.

8.      On or about July 20, 1985, the defendants confiscated "I.M.'s" passport and visa and held it in their possession continuously through September 29, 2004.

9.     In or about September 1985, the defendants told "I.M." that her visa was invalid (although it was valid for two years), that she was illegal, and that she could not leave the house or she would be arrested, imprisoned, and deported.

10.     Between July 20, 1985 and September 29, 2004, the defendants required "I.M." to work seven days a week, fifteen hours a day, and to be "on-call" for them during the night.

11.     Between 1985 and September 29, 2004, the defendants threatened "I.M." with arrest, imprisonment, and deportation for violating their house rules.

12.     Between approximately 1995 and September 29, 2004, the defendants required "I.M." to lock herself in her basement bedroom when guests were in the house and instructed her not to leave her room, for any reason, including to use the bathroom.

13.     Between approximately 1995 and September 29, 2004, defendant Elnora M. Calimlim required "I.M." to lock herself in her bedroom every night.

14.     Between July 20, 1985 and September 29, 2004, the defendants read and often confiscated "I.M.'s" mail.

15.     Between 1985 and September 29, 2004, the defendants told "I.M." that she could not have friends, date, or have any social life.

16.     Between 1985 and September 29, 2004, the defendants required "I.M." to duck down or lie down in the backseat of their vehicle, so that no one would see her, whenever they transported her in the Milwaukee area.

17.     Between 1985 and September 29, 2004, the defendants denied all of "I.M.'s" requests to call her family in the Phillipines.

18.     Between 1985 and September 29, 2004, the defendants denied "I.M." necessary dental and medical care and treatment.

19.     Between 1985 and September 29, 2004, the defendants refused "I.M.'s" repeated requests that they legalize her status, so that she could periodically return home to visit her family in the Phillipines.

20.     Between 1985 and September 29, 2004, the defendants falsely represented to "I.M." that she was being paid regular wages for her labor and services.

All in violation of Title 18, United States Code, Sections 371 and 1589.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

Between October 29, 2000 and September 29, 2004, in the State and Eastern District of Wisconsin and elsewhere, the defendants,

**JEFFERSON N. CALIMLIM,**
**and ELNORA M. CALIMLIM**,

did knowingly provide and obtain and attempt to provide and obtain the labor and services of a Filipino national, "I.M.," by threats of serious harm to and physical restraint against

"I.M.," by means of a scheme, plan and pattern intended to cause "I.M." to believe that, if she did not perform such labor and services, she would suffer serious harm, and physical restraint, and by means of the abuse and threatened abuse of law and the legal process.

All in violation of Title 18, United States Code, Sections 1589, 1594, and 2.

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

1.     Between 1985 and September 29, 2004, in the State and Eastern District of Wisconsin and elsewhere, the defendants,

**JEFFERSON N. CALIMLIM,**
**ELNORA M. CALIMLIM,**
**and JEFFERSON M. CALIMLIM**

knowingly and recklessly disregarding the fact that an alien, "I.M.," had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in their residence and elsewhere.

2.     The defendants harbored the alien for the purpose of private financial gain.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(I).

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

1.     Between 1985 and September 29, 2004, in the State and Eastern District of Wisconsin and elsewhere, the defendants,

**JEFFERSON N. CALIMLIM,**
**ELNORA M. CALIMLIM,**
**and JEFFERSON M. CALIMLIM,**

knowingly and willfully did combine, conspire, and agree together and with others to harbor and conceal an alien for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(I).

2.     As part of the conspiracy:

a.	The defendants employed a female Filipino national, "I.M.," as a domestic worker between 1985 and September 29, 2004.  The domestic worker was responsible for caring for the Calimlim children, cleaning the home, and preparing the family meals.

b.	The Filipino national lived and worked in the defendants' residence.

c.	The defendants promised the Filipino national that money would be sent to her family in the Phillippines as long as she continued to work for them.

d.	The defendants did not allow the Filipino national to leave their residence without supervision, and convinced her to submit to these conditions by threatening her with arrest, imprisonment, and deportation due to her status as an illegal alien.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(I).

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

On or about September 29, 2004, in the State and Eastern District of Wisconsin, in a matter within the jurisdiction of the United States Department of Justice, Federal Bureau of Investigation, the defendant,

### JEFFERSON M. CALIMLIM,

knowingly and willfully made a false material statement, in that the defendant informed a federal agent that he did not know the whereabouts of "I.M.," and had not seen her for a year when in fact, as he well knew, "I.M." resided at and was present in the same residence as the defendant at the time that he was questioned.

All in violation of Title 18, United States Code, Section 1001.

## FORFEITURE NOTICE

Any property real or personal that was used to facilitate, or was intended to be used to facilitate the commission of the violations set forth in counts one and two, shall be subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(6). The property subject to forfeiture include the following:  the personal residence of Jefferson and Elnora Calimlim located at 19120 Stillpoint Trail, Brookfield, Wisconsin 53045.

## SEPARATE CONSIDERATION OF CHARGES -

## MULTIPLE DEFENDANTS - MULTIPLE COUNTS

Each count of the indictment charges each defendant named in that count with having committed a separate offense.

You must give separate consideration both to each count and to each defendant. You must consider each count and the evidence relating to it separate and apart from every other count.

You should return a separate verdict as to each defendant and as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to that defendant under any other count.

## SEPARATE CONSIDERATION FOR EACH DEFENDANT

Even though the defendants are being tried together, you must give each of them separate consideration. In doing this, you must analyze what the evidence shows about each defendant, leaving out of consideration any evidence that was admitted solely against some other defendant or defendants. Each defendant is entitled to have his/her case decided on the evidence and the law that applies to that defendant.

## DATE OF CRIME CHARGED

The indictment charges that the offenses were committed "on or about" certain dates.

The government must prove that the offense happened reasonably close to that date but is not

required to prove that the alleged offense happened on that exact date.

## **YOUR RECOLLECTION PREVAILS**

If any references by the court or by counsel to matters of testimony or exhibits that do not coincide with your own recollection of that evidence, it is your recollection that should control during your deliberations and not the statements of the court or counsel. You are the sole judges of the evidence received in this case.

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

## **THE EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides [that certain facts are true][that a person would have given certain testimony]

## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's age;

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You should judge Elnora Calimlim's testimony in the same way that you judge the testimony of any other witness.

## <u>FAILURE OF DEFENDANT TO TESTIFY</u>

Jefferson M. Calimlim and Jefferson N. Calimlim have an absolute right not to testify. The fact that they did not testify should not be considered by you in any way in arriving at your verdict.

## WEIGHING THE EVIDENCE-INFERENCES

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

## THEORY OF DEFENSE

It is defendant Jefferson Calimlim, Sr. and defendant Elnora Calimlim's theory of the defense that Irma Martinez, Jefferson and Elnora were all afraid of being arrested, jailed and deported in the event that Irma Martinez was discovered to be in the United States by the authorities. It is further the defendants' theory that any warnings of the consequences of being discovered by the authorities that were communicated to Irma Martinez were accurate statements and were equally applicable to the defendants. It is the defendants' theory that they did not obtain the labor or services of Irma Martinez through threat of serious harm, nor a scheme to cause Irma Martinez to believe she would suffer serious harm unless she performed such services and labor, not by means of abuse of the legal process. Rather, it is the defendants' theory that they continued to employ Irma Martinez because it was her own wish to stay and work for them in the United States.

It is for you the jury to decide whether the theory of the defense raises a reasonable doubt in your mind as to the guilt of any defendant on any count of the indictment.

## WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

First, testimony [and exhibits] that I struck from the record, or that I told you to disregard, is [are] not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence.  Attorneys have a duty to object when they believe a question is improper.  You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence.  The purpose of these statements is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## PRIOR INCONSISTENT STATEMENTS - WITNESSES

You have heard evidence that before the trial [a] witness[es] made [a] statement[s] that may be inconsistent with the witness[es]'s testimony here in court. If you find that it is inconsistent, you may consider the earlier statement [only] in deciding the truthfulness and accuracy of that witness's testimony in this trial. [You many not use it as evidence of the truth of the matters contained in that prior statement.] [If that statement was made under oath, you many also consider it as evidence of the truth of the matters contained in that prior statement.]

## "KNOWINGLY" – DEFINITION

When the word "knowingly" [the phrase "the defendant knew"] is used in these instructions, it means that the defendant realized what he/she was doing and was aware of the nature of his/her conduct, and did not act through ignorance, mistake or accident. Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.

You may infer knowledge from a combination of suspicion and indifference to the truth. If you find that a person had a strong suspicion that things were not what they seemed or that someone had withheld some important facts, yet shut his/her eyes for fear of what he/she would learn, you may conclude that he/she acted knowingly, as I have used that word. You may not conclude that the defendant had knowledge if he/she was merely negligent in not discovering the truth.

## ATTEMPT

To "attempt" means that the defendant knowingly took a substantial step toward the commission of the offense with the intent to commit that offense.

Count 1 charges the defendants Jefferson N. Calimlim and Elnora Calimlim with conspiracy to obtain the services of Irma Martinez against her will in violation of the forced labor statute, 18 U.S.C. §1589.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. To sustain the charge of conspiracy, the government must prove:

First, that the conspiracy as charged in Count 1 existed, and

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy, and

Third, that an overt act was committed on or after October 28, 2000 by at least one conspirator in furtherance of the conspiracy, and

Fourth, that the defendant intended to commit the offense of forced labor, as defined for you in Count 2.

A conspiracy may be established even if its purpose was not accomplished.

It is not necessary that all the overt acts charged in the indictment be proved, and the overt act proved may itself be a lawful act.

To be a member of the conspiracy, the defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

If you find from your consideration of all the evidence that each of these propositions

has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

Count 2 charges the defendants Jefferson N. Calimlim and Elnora Calimlim with obtaining the labor or services of Irma Martinez against her will in violation of the forced labor statute, 18 U.S.C. §1589.

To sustain the charge in the indictment, the government must prove the following propositions:

1.      The defendant provided or obtained the labor or services of Irma Martinez on or after October 28, 2000.

2.      The defendant provided or obtained the labor or services of Irma Martinez on or after October 28, 2000 through at least one of three prohibited means:

     (a)      Through threats of serious harm to, or physical restraint against, a person; or

     (b)      Through a scheme, plan or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or

     (c)      Through abuse or threatened abuse of law or the legal process.

3.      The defendant acted knowingly.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

## **FORCED LABOR–FIRST ELEMENT**

In considering the first element, you must decide whether each defendant provided or obtained the services of another person, namely, Irma Martinez. I instruct you that, in considering this element, the words "provide" and "obtain" are to be given their ordinary meanings.

"Provide" means to supply something or make something available. "Obtain" means to gain, acquire, or attain. If you find that the defendants provided or obtained the labor or services of Irma Martinez, then the first element has been satisfied.

## SECOND ELEMENT - THREE PROHIBITED MEANS

If you find that defendants Jefferson N. Calimlim and Elnora Calimlim obtained the labor or services of Irma Martinez, then you must determine whether defendants Jefferson N. Calimlim and Elnora Calimlim did so through at least one of three prohibited means, that is:

(1)     through threats of serious harm to, or physical restraint against,  a person; or

(2)     through a scheme, plan or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or

(3)     through abuse or threatened abuse of law or the legal process.

In order to find that the second element has been satisfied, you must find beyond a reasonable doubt that one of the prohibited means I just mentioned  was  used to obtain the labor or services of the person named in that count of the Superseding Indictment.

## THIRD ELEMENT – FORCED LABOR

With regard to the third element of the offense of forced labor, the government must prove beyond a reasonable doubt that the defendant acted "knowingly." A person acts knowingly if he or she acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether a defendant acted knowingly may be proven by what the defendant said and did and by all of the facts and circumstances surrounding the case, since rarely is direct proof available to establish the state of one's mind.

# SECOND ELEMENT - DEFINITIONS

I now want to define for you some of the terms you will be considering in determining whether this second element of Counts One and Two has been satisfied.

The term "serious harm" includes both physical and non-physical types of harm. A threat of serious harm, therefore, need not involve any threat of physical violence. It includes threats of any consequences, whether physical or nonphysical, that are sufficient, under all the surrounding circumstances, to compel or coerce a reasonable person in the same situation as the worker to provide, or to continue providing, labor or services.

The words "scheme," "plan," and "pattern" are to be given their ordinary meanings. A "scheme, plan, or pattern intended to cause the worker to believe that nonperformance of labor or services will result in serious harm" need not involve actual threats of serious harm, but may involve any other means – including deception or psychological coercion – used to cause the worker to believe that she, her family, or any other person would suffer serious harm if she refused to continue providing labor or services.

The term "abuse or threatened abuse of law or the legal process" means use or threatened use of a law or a legal process, whether civil or criminal, against another person primarily to accomplish a purpose for which the law or process was not designed. The usual case of abuse or threatened abuse of law or legal process involves some form of extortion, like the threat of criminal punishment, where the law or a legal  process is used or threatened to put pressure upon another person to compel her to take or refrain from taking some action.

If you find that any of the three prohibited means I mentioned earlier was used, you must then determine whether such use was sufficient to cause Irma Martinez reasonably to

believe that she had no choice but to remain working for the defendants. In making that determination, you may consider the cumulative effect of the conduct of the defendant or defendants on Irma Martinez. You may also consider Irma Martinez's special vulnerabilities, if any. In this regard, you are instructed that you may find that not all persons are of same courage or firmness. You may consider, for example, Irma Martinez's background, physical and mental condition, experience, education, socioeconomic status and any inequalities between her and the defendants with respect to these considerations, including their relative stations in life, among other things. Simply put, you may ask whether Irma Martinez was vulnerable in some way so that the actions of one or more of the defendants, even if not sufficient to compel another person to work, were enough to compel Irma Martinez to work.

In assessing the evidence with respect to Counts 1 and 2, you may consider any objective conditions known to the defendant that made Irma Martinez vulnerable to pressure. In this regard, you may not consider any hidden subjective factors, or hidden emotional flaws or weaknesses of Irma Martinez that were unknown to the defendant.

The significance of any peculiar vulnerability of Irma Martinez must be assessed from the known, objective circumstances and how a reasonable person would have responded to those circumstances.

A few final things about this second element of the offense of forced labor:

To prove forced labor, the government does not need to link each threat allegedly made or actions allegedly taken against Irma Martinez to particular labor tasks performed by her. If she was threatened with or suffered certain consequences in connection with services she purportedly rendered, either as punishment or as part of a climate of fear that overcame

her will and compelled her service, that may be sufficient to establish the second element of the offense of forced labor. Warnings of legitimate but adverse consequences or credible threats of deportation, standing alone, are not sufficient to violate the forced labor statute.

You may consider not only overt threats that a defendant might have made to place Irma Martinez in fear of suffering certain consequences; you may also consider other surrounding circumstances, such as, verbal abuse and insults, isolation, poor working and living conditions, denial of adequate rest, and medical care, withholding of pay, or any combination of these conditions, and any other techniques that defendants might have used to intimidate Irma Martinez and compel her to serve.

The government also need not prove physical restraint – such as the use of chains, barbed wire or locked doors – in order to establish the offense of forced labor. The fact that Irma Martinez may have had an opportunity to escape is not determinative. In assessing the evidence you may consider any reasonable means that Irma Martinez had to escape or flee her situation, however, a person who has been placed in such fear or circumstances is under no affirmative duty to try to escape.

Finally, in considering whether service performed by someone was involuntary, you are instructed that it is not determinative of the crime of forced labor that the person may have initially agreed, voluntarily, to render the service or perform the work. If a person willingly begins work, but later desires to withdraw, and is then forced to remain and perform work against her will by threats of serious harm, or by a scheme, plan or pattern, intended to cause her to believe that non-performance will result in serious harm to her or another person, then her service becomes involuntary.

Also, whether a person is paid a salary or a wage is not determinative but may be considered by you on the question of whether that person has been held in forced labor. In other words, if a person is compelled to labor against her will by any one of the means prohibited by the forced labor statute, such service is involuntary even if she is paid or compensated for the work.

## MERE PRESENCE/ASSOCIATION/ACTIVITY

(a)

A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not alone sufficient to establish the defendant's guilt.

[A defendant's association with conspirators [or persons involved in a criminal enterprise] is not by itself sufficient to prove his/her participation or membership in a conspiracy [criminal enterprise].]

(b)

If a defendant performed acts that advanced a criminal activity but had no knowledge that a crime was being committed or was about to be committed, those acts alone are not sufficient to establish the defendant's guilt.

## ACTING THROUGH ANOTHER/AIDING AND ABETTING

### (a)

You are instructed as to count one (1) and count two (2), that any person who knowingly [aids], [counsels], [commands], [induces] [or] [procures] the commission of an offense may be found guilty of that offense. That person must knowingly associate with the criminal activity, participate in the activity, and try to make it succeed.

### (b)

If a defendant knowingly caused the acts of another, the defendant is responsible for those acts as though he/she personally committed them.

Again, I remind you that this instruction applies only to count one (1) and count two (2).

# ATTEMPTED FORCED LABOR

Count Two charges the defendants not only with forced labor, but also with attempted forced labor. You may find a defendant guilty of a forced labor count even if you do not find that he or she completed the offense of forced labor, so long as you find that the defendant attempted to commit the crime of forced labor. If you find that a defendant completed the offense, you need not consider whether that defendant was guilty of attempt.

In order to find a defendant guilty of attempting to commit the crime of forced labor, you must find that the government proved the following two elements beyond a reasonable doubt:

First:        that the defendant intended to commit the crime; and

Second:      that the defendant engaged in a purposeful act that, under the circumstances as he or she believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his or her criminal intent.

A "substantial step" is an act in furtherance of the criminal scheme. A "substantial step" must be something more than mere preparation, but less than the last act necessary before the substantive crime is completed. The "substantial step" may itself prove the intent to commit the crime, but only if it unequivocally demonstrates such an intent.

## <u>NO CULTURAL OR RELIGIOUS DEFENSE</u>

Foreign cultures do not absolve a defendant of liability under the criminal laws of the

United States.

## Overt Act

In respect to Count One, an overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that the defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act on or after October 28, 2000.

## LITERAL TRUTH

If you find that a statement was literally true, when it was made, that statement cannot be used as the basis for a guilty verdict on the false statement charge in Count Five.

In other words, if you find that Jefferson M. Calimlim's answer, to Agent Steve Vitale's question(s) could be interpreted in more than one way, then the government has to prove, beyond any reasonable doubt, that Jefferson M. Calimlim's answer to a particular question was false under any reasonable interpretation of that answer.

A statement is not false merely because it is misleading or evasive, even if it was deliberately intended to mislead or evade the person asking the question. A statement is false only if it is not literally true. However, in determining whether an answer to a question is not literally true, you should consider the context of the questioning as a whole, and the context in which the questions and answers occurred, as an aid to understanding the defendant's intent when making the statement.

If you find that an answer by Jefferson M. Calimlim was false, then you must also find that the false answer was material, as I have defined that term.

The burden of proof does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that a statement was not literally true.

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

You will recall that I have admitted into evidence against the defendants the acts and statements of other persons because the government charges that these acts and statements were committed by persons who were also confederates or co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy which are done in furtherance of the common purpose of the conspiracy, are deemed, under law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendants were members of the conspiracy charged in the superseding indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against the defendants. This is so even if such acts were done and statements were made in the defendants' absence and without their knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of

the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be

considered by you as evidence only against the member who did or said them.

## CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE CRIMES
## COMMITTED BY CO-CONSPIRATORS;
## CONSPIRACY CHARGED-ELEMENTS

A conspirator is responsible for offenses committed by his/her fellow conspirators if he/she was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of and as a foreseeable consequence of the conspiracy.

Therefore, if you find a defendant guilty of the conspiracy charged in Count One and if you find beyond a reasonable doubt that while he/she was a member of the conspiracy, his/her fellow conspirator(s) committed the offense(s) in Count One in furtherance of and as a foreseeable consequence of that conspiracy, then you should find him/her guilty of Count One.

## COUNT THREE – HARBORING AN ALIEN, 8 U.S.C. § 1324

Count Three charges the defendant with the *substantive* crime of harboring and attempting to harbor an alien in their residence, knowing and in reckless disregard of the fact that the alien had come to, entered and remained in the United States in violation of law, for the purpose of commercial advantage and private financial gain.

The relevant statute on this subject is section 1324 of Title 8 of the United States Code. It provides:

> Whoever, knowing or in reckless disregard of the fact that an alien comes to, enters or remains in the United States in violation of law harbors . . . or attempts to . . . harbor...such alien in any place, including any building . . . for the purpose of commercial advantage or private financial gain . . . shall be [guilty of a crime].

## HARBORING AN ILLEGAL ALIEN FOR PRIVATE FINANCIAL GAIN

Count 3 charges all three defendants with harboring an illegal alien for private financial gain.

To sustain the charge in the indictment, the government must prove the following propositions:

First, that Irma Martinez was in the United States in violation of law.

Second, that the defendants knew that Irma Martinez was in the United States in violation of law, or recklessly disregarded that fact.

Third, that the defendants knowingly concealed, harbored and shielded Irma Martinez from detection.

Fourth, the defendants did so for the purpose of private financial gain.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

## CONSPIRACY TO HARBOR AN ILLEGAL ALIEN FOR

## PRIVATE FINANCIAL GAIN

Count 4 charges all three defendants with conspiracy to harbor an illegal alien for private financial gain.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. To sustain the charge of conspiracy, the government must prove:

First, that the conspiracy as charged in Count 4 existed.

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy.

Third, that an overt act was committed by at least one conspirator in furtherance of the conspiracy.

Fourth, that the defendant intended to commit the offense of harboring an illegal alien for financial gain, as defined for you in Count 3.

A conspiracy may be established even its purpose was not accomplished.

To be a member of the conspiracy, the defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

## FIRST ELEMENT OF HARBORING–DEFINITION OF ALIEN

An alien is a person who is not a citizen or national of the United States.

## SECOND ELEMENT OF HARBORING - KNOWLEDGE OR RECKLESS DISREGARD

The second element of the offense which the government must prove beyond a reasonable doubt is that the defendant knew that the alien came to, entered or remained in the United States in violation of the law, or that the defendants acted in reckless disregard of that fact.

Whether or not the defendant had this knowledge is a question of fact to be determined by you on the basis of all the evidence. As previously noted, an act is done knowingly only if it is done purposely and deliberately, and not because of accident, mistake, negligence, or other innocent reason. If you find beyond a reasonable doubt that the defendant actually knew of the alien's illegal status, then this element is satisfied.

Even if the evidence does not establish actual knowledge, this element is satisfied if you find that the government has proved, beyond a reasonable doubt, that the defendant acted with reckless disregard of the facts concerning the alien's status. The phrase "reckless disregard of the facts" means deliberate indifference to the facts which, if considered and weighed in a reasonable manner, indicate the highest probability that the alleged alien was in fact an alien and was in the United States unlawfully.

## THIRD ELEMENT OF HARBORING – "HARBORING"

The third element of the offense which the government must prove beyond a reasonable doubt is that the defendant harbored an alien who had remained in the United States in violation of law.

The statute prohibits conduct which tends to directly and substantially facilitate an alien's remaining in the United States illegally. "Harboring" simply means "to afford shelter to." You need not find that the defendant acted secretly or that the harboring of the alien was clandestine. If you find, on the basis of all the evidence, that the government has proved that the defendant harbored an illegal alien in a way which tended to substantially facilitate the alien's remaining in the United States illegally, this element has been satisfied.

## FOURTH ELEMENT OF HARBORING –
## COMMERCIAL ADVANTAGE OR PRIVATE FINANCIAL GAIN

The fourth and final element of Count Three is that the defendant harbored an alien for the purpose of commercial advantage or private financial gain.

"Commercial advantage" and "private financial gain" are to be understood according to their normal and ordinary meanings. The government is not required to show that the defendant received a cash benefit in order for this element to be satisfied. A pecuniary motive sufficiently establishes that one acted for the purpose of "private financial gain." You may consider whether a person acted out of feelings of charity or affection when considering if they acted for private financial gain. If you find beyond a reasonable doubt that the defendant acted in order to receive some economic benefit, then this element has been proven.

## LESSER-INCLUDED OFFENSE

If you find the defendants not guilty of the offense of harboring an alien for private financial gain as charged in Count Three [or if you cannot unanimously agree that the defendants are guilty of that offense], then you must go on to consider whether the government has proved the offense of harboring an alien.

The lesser included offense in Count 3 charges all three defendants with harboring an illegal alien for private financial gain.

To find a defendant guilty of the lesser included offense, the government must prove the following propositions:

First, that Irma Martinez was in the United States in violation of law.

Second, that the defendant knew that Irma Martinez was in the United States in violation of law, or recklessly disregarded that fact.

Third, that the defendant knowingly concealed, harbored and shielded Irma Martinez from detection.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

## MAKING A FALSE STATEMENT OR REPRESENTATION

The defendant Jefferson M. Calimlim is charged in Count 5 of the Indictment with making a false statement or representation.

To sustain the charge of making a false statement, the government must prove the following propositions:

First, the defendant made a false statement.

Second, the statement was material.

Third, the statement was made knowingly and willfully.

Fourth, the statement was made in a matter within the jurisdiction of the Executive Branch of the government of the United States (the Federal Bureau of Investigation).

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

## <u>DEFINITION OF FALSE, FICTITIOUS</u>

A statement is false or fictitious if untrue when made and then known to be untrue by the person making it [or causing it to be made].

## MATERIALITY - DEFINITION

A statement is material if it had the effect of influencing the action of the body or agency, or was capable of or had the potential to do so. [It is not necessary that the statement actually have that influence or be relied on by the Federal Bureau of Investigation, so long as it had the potential or capability to do so.]

## **WILLFULLY - DEFINITIONS**

An act is done willfully if done voluntarily and intentionally, and with the intent to do something the law forbids.

## PUNISHMENT

The question of possible punishment of the defendants is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not the defendants are guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendants, if they are convicted, to influence your verdict in any way or, in any sense, enter into your deliberations.

## <u>SELECTION OF FOREPERSON -- GENERAL VERDICT</u>

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in, date, and sign the appropriate form.

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal.

The verdict must represent the considered judgment of each juror.  Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts.  Your sole interest is to determine whether the government has proved is case beyond a reasonable doubt.