**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

                Plaintiff,

                Case No. 04-CR-248

     -vs-

**JEFFERSON N. CALIMLIM,**
**ELNORA M. CALIMLIM, and**
**JEFFERSON M. CALIMLIM,**

                Defendants.

# ORDER

The parties were asked to submit briefs regarding the matter of the amount of restitution owed by the defendants, Jefferson N. Calimlim and Elnora M. Calimlim.

The government seeks restitution for the victim, Irma Martinez ("Martinez") under 18 U.S.C. 3663 and 18 U.S.C. 1593, for the full amount of the victim's losses, including back pay, lost income, medical expenses, etc. Under 3663, the Court "may order . . . restitution." Under 1593, the "Court shall order restitution for any offense under this chapter."

Because restitution under 1593 is only applicable to offenses listed in Chapter 77, and because Count 2 is the only count that falls within that Chapter, defendants Jefferson N. Calimlim and Elnora M. Calimlim argue that any restitution awarded must be calculated within the time frame covered by Count 2 (October 29, 2000 to September 29, 2004).

It is the position of the government that Count 1 of the Indictment, while not listed in Chapter 77, is inextricably linked to the conduct charged in Count 2, i.e., the Count 2 conduct was a culmination of the conduct charged in Count 1 (July 20, 1985 to September 29, 2004).

The Court need not decide if Sec.1593 limits restitution to the period relevant to Count 2 because the facts of this case provide more than ample justification for the Court to exercise its discretionary authority under Sec. 3663 to order restitution for the entire period of time encompassed by Counts 1 and 2. The Court exercises its authority thereunder to order restitution to the victim for the losses suffered from July 20, 1985, to September 29, 2004.

In this connection, the Court finds that Martinez is entitled to the prevailing wage rate under the Foreign Labor Certification Program. The Court adopts the conclusions reached by the government's witness at trial, Charlene Giles. The prevailing wage rate is to be multiplied by the number of hours that the victim worked. Review of the evidence would put the time that the victim worked on a daily basis at 15 hours. While the victim testified that she was on call from 6:00 A.M. to 11:00 P.M., the evidence suggests that not all of the hours between were working hours. Coupled with the hours the victim spent watching television and occupying herself in other ways (attending church, etc.), the Court finds this to be a reasonable calculation. The Court will apply the rates outlined in Attachment A of the government's brief in calculating the amounts owed. Said sum equals $934,420.01. This figure, minus the $18,784.85 Martinez received in payment over this period of time, equals $915,635.16.

The Court also finds that Irma Martinez is entitled to reimbursement for monies spent on psychological counseling in the amount of $1,000.

The Calimlims object to the forfeiture of their home, positing that there is no basis to do so under the forfeiture provision of the indictment. The Court agrees with the defendants. In any event, the government no longer seeks forfeiture of the Calimlim residence. The Court will not order forfeiture of the Calimlim residence.

**NOW THEREFORE, BASED UPON THE FOREOING, IT IS HEREBY ORDERED THAT:**

The defendants, Jefferson N. Calimlim and Elnora M. Calimlim, are ordered to pay restitution to Irma Martinez in the amount of $916,635.16.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**